Opinion issued December 31, 2003























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00849-CR
____________
 
JOHN JOSEPH REYES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 93CR0357
 

 
 
MEMORANDUM OPINION
          In 1993, a jury found appellant, John Joseph Reyes, guilty of the offense of
sexual assault of a child and assessed his punishment at confinement for 16 years and
a $10,000 fine. Appellant, in 2001, moved for post-conviction DNA testing pursuant
to Chapter 64 of the Texas Code of Criminal Procedure


 and requested that the
convicting court appoint an independent expert to assist him in reviewing the test
results. The convicting court granted appellant’s motion for DNA testing, but denied
his request for an independent expert. In his sole point of error, appellant contends
that the convicting court “erred in failing to appoint an independent expert to assist
[his] defense.” We dismiss the appeal.
Facts
          On August 22, 2001, the convicting court granted appellant’s motion for DNA
testing and ordered that the testing be performed by the Texas Department of Public
Safety (DPS) laboratory. The DPS laboratory subsequently tested a vaginal slide and
two vaginal swabs that were introduced into evidence at appellant’s trial. It then
compared the test results to a sample of DNA from appellant, who is a Hispanic
American.
          The results from the vaginal slide showed a “1 in 406” likelihood that another
Hispanic American would match the same DNA pattern. The results from the first
vaginal swab showed a “1 in 336,700” likelihood that another Hispanic American
would match the same DNA pattern. Finally, the results from the second vaginal
swab showed a “1 in 2,361,000” likelihood that another Hispanic American would
match the same DNA pattern.
          After completing its testing, the DPS laboratory submitted the test results to the
convicting court. On June 15, 2002, the convicting court found that the results of the
DNA testing were “not favorable” to appellant. On the same day, appellant filed a
motion requesting that the convicting court appoint an independent expert to assist
him in reviewing the DNA test results, but the convicting court denied his motion.
Appointment of an Independent Expert
          In his sole point of error, appellant argues that the convicting court erred in
denying his request for an independent expert because “he was unable to effectively
challenge the test results without an expert.”
          Article 64.05 of the Texas Code of Criminal Procedure sets out the appeal
process under Chapter 64. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp.
2004). At the time of appellant’s motion requesting the appointment of an
independent expert, article 64.05 read, in pertinent part, that “[a]n appeal of a finding
under Article 64.03 or 64.04 is to a court of appeals in the same manner as an appeal
of any other criminal matter, except that if the convicted person was convicted in a
capital case, the appeal of the finding is a direct appeal to the court of criminal
appeals.”


 Id. (emphasis added). In regard to this language, the Court of Criminal
Appeals has recently held that “because the legislature ha[d] not specifically provided
for appeals of issues unless they are within 64.03 or 64.04, [a convicting] court’s
refusal to appoint an expert is not appealable under Chapter 64.” Wolfe v. State, No.
74,522, slip op. at 7-8 (Tex. Crim. App. Nov. 12, 2003).
          Because the convicting court’s denial of appellant’s request for an independent
expert was not a finding within the scope of articles 64.03 or 64.04, “appellant’s
attack is collateral” for which no appeal is authorized. Id. at 4.

Conclusion
          Accordingly, we dismiss the appeal. See id. at 7-8.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).